CASE 32—PETITION EQUITY—SEPTEMBER 26.

# Redman v. Forman.

APPEAL FROM CLARK CIRCUIT COURT.

1. WATER-COURSES.—The owner of land has the right to use for his own purposes that which is beneath the soil, whether rock or water, where there is no intent to injure the adjoining owner.

   *As to running surface water*, the owner can appropriate it to his own use, but he can not so divert it as to prevent its use by those below him, and even where the water is running underground, if it flows in a natural channel known and ascertained by those deriving its benefits, it can not be diverted to the injury of the riparian proprietors. ·

2. CASE ADJUDGED.—Appellant and appellee owned adjoining lands, and appellee had been using water that ran from a spring on appellant's land into a pool on his (appellee's) side of the line, · from which he watered his stock. Although partially a subterranean vein. its course was well defined, and for years running in the same channel, a distance of only a few feet, from one farm to the other.

   *Held*—That it was error to enjoin appellant from interfering altogether with the flow of water from the spring. He is entitled to the reasonable use of it for the purpose of supplying his stock

Redman v. Forman.

with water and for all the purposes common to such a farm, and if he enlarges the spring for that purpose, and his stock consumes the water and deprives appellee of its use, appellee can not complain.

3. Assignment of Errors.—That "the court erred in perpetuating the injunction" was a sufficient assignment of error in this case.

W. M. BECKNER for appellant.

The owner of the soil may use as he pleases what is below the surface, and if he chooses to cut off a spring of water below the surface his neighbor has no right to complain, although he may be damaged thereby. The law recognizes a distinction between a supply of water which comes from an underground vein, and a stream which flows on the surface, or a stream under the surface so well defined and strong as to become a water-course. (Roath v. Driscoll, 20 Conn., 539; Thurston v. Hancock, 12 Mass., 230; Greenleaf v. Francis, 18 Pick., 117; Chase v. Silverstone, 62 Maine, 175; Clark v. Estate of Conroe, 38 Vt., 473; Chatfield v. Wilson, 28 Vt., 49; Ellis v. Duncan, 21 Barb., 230; Wheatley v. Baugh, 25 Pa. St., 528; Frazier v. Brown, 12 Ohio St., 298; Brown v. Illinois, 25 Conn., 593; Haldeman v. Bruckhardt, 45 Pa. St., 518; Chesley v. King, 74 Maine, 164; Brain v. Marfell, 20 Am. Law Reg., 93; Domat's Civil Law, sections 1047, 1581; Acton v. Blundell, 12 M. & W., 324; Chaseman v. Richards, 7 H. L. Cases, 349.)

RODNEY HAGGARD and L. H. JONES for appellee.

Brief not in record.

A. DUVALL on same side, in petition for rehearing.

Both the pleadings and the proof show that the spring in controversy is on appellee's land, and, therefore, appellant was properly enjoined from digging down to the subterranean vein and cutting off the supply of water therefrom.

JUDGE PRYOR delivered the opinion of the court.

The appellant and appellee own adjoining lands in the county of Clark, and the appellee had been using the water that ran from a spring on appellant's land that emptied into and filled a pool on appellee's side of the line, and from which the latter watered his stock. The appellant purchased his land of one Groom, and while Groom was the owner, by the consent of the appellee, a pool was made

large enough to embrace a portion of the land belonging to each of the adjoining owners; but finding that the spring would not supply both farms. with water, Groom filled up his end of the pool, constructing a passway over it, leaving a culvert under it so as the water from the spring could pursue its natural channel or course into the pool of the appellee. Although partially a subterranean. vein, its course was well defined and for years running in the same channel, a distance of only a few feet, from the one farm to the other, supplying the appellee with water for his stock.

The appellant undertook to dig or re-open the pool filled up by Groom, his vendor, with the avowed purpose, as is alleged, of diverting the flow of water into appellee's pool, the effect of which would be to deprive the appellee entirely of water from this. spring. Upon the issue formed there was some conflict in the testimony.

The right of property that every one has in his. own land gives to him the right to use that which is beneath the soil for his own purposes; and where there is no intent to injure the adjoining owner he has the right to appropriate what is beneath the land for his own purposes, whether rock or water. As to running surface water, the owner can only appropriate it to his own use, and even then he can not so divert it as to prevent its use by those below him; and where the water is running under ground and flowing in a natural channel, known and ascertained by those deriving its benefits, it can not be diverted to the injury of the riparian proprietors.

This doctrine seems to be recognized by the element- ary writers on the subject and the adjudged cases. (Washburn on Servitudes and Easements, and the cases cited, pages 448, 449.)

While the construction of the work by the appel- lant in opening a new pool may have been in the exercise of a proprietary right, still he can not pro- ceed in such a manner as to deprive the appellee of the use of the water flowing from his spring, unless, by its reasonable use, the appellant consumes it all. It has been running into appellee's pool for years, through a well defined channel known to both the adjacent owners, and its diversion, so as to deprive appellee entirely of its use, must necessarily work an injury to him.

The injunction in this case, however, is too com- prehensive in its effect upon the rights of the ap- pellant, and, in effect, prevents him from the use of the water in any way. The spring from which the water flows is upon the premises of the appel- lant. He has no other water upon that part of the farm, or if he has, the injunction prohibits him from interfering with the flow of water from the spring in any way whatever. We see no reason. why the appellee should be entitled to the exclu- sive use of this spring, located upon appellant's land. Appellant is certainly entitled to the reason- able use of it, for the purpose of supplying his stock with water and for all the purposes common to such a farm.

While the digging of the pool might lessen the supply and stop, to some extent, the running of the

water, the effect of the injunction is to deprive the appellant of any right to its use, that the pool of the appellee may be kept filled. If the appellee should fill up his pool the supply on his land from the spring might not be so great, or at least the appellant, who owns the land and the spring, might be enabled to use more of the water for his own purposes. The right to the water is not asserted under any contract with the appellant, or any right to its use so vested in the appellee as to deprive the appellant of the right to open the spring, or to enlarge it for his own use. He is entitled to its reasonable use, and if he enlarges the spring for that purpose, and his stock consumes the water and deprives appellee of its use, it is, so far as the latter is concerned, *damnum absque injuria*.

The judgment perpetuating the injunction must be reversed and cause remanded, with directions to enjoin the plaintiff from diverting or from changing the natural flow of water from his spring, for the purpose of preventing its running into appellee's pool, but not to prohibit appellant from enlarging his spring, or using the water therefrom, for the ordinary purposes of his farm.

The claim of the appellee is, that if the spring is enlarged and used by the appellant for stock water that it lessens the supply for him ; and, therefore, he asks that the owner of the soil and the spring be prevented from its use. While the flow of water may be stopped, in the event the spring is enlarged by the appellant, until the spring is filled, still, if when full, it runs its usual course, it is the ex-

ercise of a proprietary right that belongs to the appellant.

That the court erred in rendering the judgment, or in perpetuating the injunction, is a sufficient assignment. It requires a decision on the merits.